Opinion in Chambers, per Moyer, C.J.

IN RE DISQUALIFICATION OF ADAMS.

THE STATE OF OHIO *v*. GOFF.

[Cite as *In re Disqualification of Adams*, 100 Ohio St.3d 1223, 2002-Ohio-7474.]

*Judges — Affidavit of disqualification — Disqualification not required where judge found affiant's codefendant guilty.*

(No. 02-AP-046 — Decided May 3, 2002.)

ON AFFIDAVIT OF DISQUALIFICATION in Summit County Common Pleas Court case No. 01061390.

———————————

**MOYER, C.J.**

{¶1} This affidavit of disqualification was filed by John T. Goff seeking the disqualification of Judge John Adams from further proceedings regarding the above-captioned case.

{¶2} Affiant asserts that Judge Adams should be disqualified from presiding over his trial because the judge previously found his codefendant guilty of complicity to commit sexual battery. In finding the codefendant guilty, Judge Adams concluded that the state had proven, beyond a reasonable doubt, that affiant committed the offense of sexual battery. Affiant contends that this finding demonstrates that Judge Adams prejudged affiant's guilt and maintains that the judge's earlier finding will unduly influence the jury in the underlying case.

{¶3} Applicable to affiant's claim of disqualification is *State v. D'Ambrosio* (1993), 67 Ohio St.3d 185, 616 N.E.2d 909. In *D'Ambrosio*, the defendant sought reversal of his capital conviction and sentence based, in part, on the fact that a member of the three-judge panel, which convicted him, had previously presided over the trial of a codefendant and, in so doing, acquired

knowledge of the facts of the underlying case and formed an opinion regarding the veracity of a key prosecution witness. In that case, a unanimous court concluded that a judge is not required to recuse himself simply because he acquired knowledge of the facts during a prior proceeding. More important for purposes of this matter, the court held that even if the trial judge had formed an opinion regarding the credibility of the state's witness, that would be no guarantee that the judge would believe the witness at the second trial. Id. at 188-189, 616 N.E.2d 909.

{¶4} In the trial of affiant's codefendant, Judge Adams found that the state had established, beyond a reasonable doubt, all elements of the offense of complicity to commit sexual battery. This included evidence that affiant committed sexual battery against the victim. The judge's finding in this regard was based on the evidence presented at the prior trial, was related directly to an element of the offense with which the codefendant was charged, and was essential to support a verdict of guilty.

{¶5} Affiant presents no evidence to demonstrate affirmatively that Judge Adams will be prejudiced by his findings in the first trial. Although Judge Adams has formed an opinion regarding affiant's guilt, that opinion is based on evidence presented at an earlier trial that was not controverted by the defendant in that case. At the underlying trial, affiant will have the opportunity to cross-examine the prosecution's witnesses and present evidence to dispute the state's claim that affiant committed the offenses with which he is charged. Moreover, the factual determination of whether the state satisfied its burden of proof in this case will be made by a different trier of fact, and there are adequate safeguards, such as voir dire and precautionary jury instructions, to ensure that the trier of fact is not unduly influenced by the prior finding in the codefendant's trial.

{¶6} For these reasons, the affidavit of disqualification is found not well taken and denied. The case shall proceed before Judge Adams.

_____